IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNY RAY ALEXANDER, | § | |
|     Petitioner, | § | |
| | § | 3:14-CV-4107-K |
| v. | § | 3:11-CR-0328-K |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255.

I. Procedural Background

Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 15, 2012, the Court sentenced him to 180 months in prison. On March 12, 2013, the Fifth Circuit affirmed. *Alexander v. United States*, No. 12-10854 (Mar. 12, 2013).

On November 11, 2014, Petitioner filed the instant petition. He claims the Court's enhancement of his sentence under the Armed Career Criminal Act is erroneous under the Supreme Court's decision in *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013). The Court finds the petition is barred by the statute of limitations.

## II. Discussion

### 1. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

Under § 2255(1), the limitations period begins to run when the judgment becomes final. In this case, the Fifth Circuit denied his appeal on March 12, 2013. His limitations period began ninety days later on June 10, 2013. *See* Sup. Ct. R. 13. Petitioner then had one year, or until June 10, 2014, to file these claims. He did not file the claims until November 11, 2014. The claims are therefore untimely.

2. *Descamps v. United States*

Petitioner claims his petition is timely under § 2255(3) because he is relying on the Supreme Court's decision in *Descamps* to support his claim that he does not qualify for the Armed Career Criminal Act enhancement. The Supreme Court, however, has not made *Descamps* retroactively applicable to cases on collateral review. *See In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015); *In re Webb*, 590 Fed. Appx. 428, 429 (2015). Petitioner has therefore failed to show his petition is timely.

3. **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has not argued that he was prevented in some

extraordinary way from asserting his rights.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III.  Conclusion

For the foregoing reasons, Petitioner's § 2255 claims are dismissed with prejudice.

SO ORDERED.

Signed this 20th day of January, 2016.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE